UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FALSO,

                               Plaintiff,

                                                                                <u>DECISION AND ORDER</u>

                                                                                 09-CV-6053L

                                v.

GATES CHILI CENTRAL SCHOOL DISTRICT,

                               Defendant.
_____

## **INTRODUCTION**

      Plaintiff Anthony Falso ("Falso"), proceeding *pro se*, brings this action alleging that defendant the Gates Chili Central School District (the "District"), discriminated against him with respect to his employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

      Falso alleges that he was hired by the District during the 2006-2007 school year as a *per diem* substitute teacher. He states that on March 29, 2007, he was approached by a female faculty member, who asked him who he was, and upon being informed that he was substituting for the regular classroom teacher, commented that "[the District] normally ha[s] a lady that comes in [to substitute]." Three months later, in June 2007, plaintiff's employment with the District was terminated and he was removed from the substitute teaching list. Based upon the comment made by a faculty member and his observations that the majority of substitute teachers

summoned by the District's automated system were women, plaintiff alleges that his termination was the result of gender-based discrimination.

Falso initiated the instant action on February 6, 2009. The District now moves for dismissal of the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), on the grounds that Falso has failed to allege the exhaustion of his administrative remedies. For the reasons set forth below, the District's motion to dismiss (Dkt. #8) is granted, the complaint is dismissed, and plaintiff is cautioned to discontinue the pursuit of frivolous *pro se* actions in this Court, at the risk of incurring sanctions pursuant to Fed. R. Civ. Proc. 11.

## DISCUSSION

**I.  Standard for Dismissal Pursuant to Fed. R. Civ. Proc. 12(b)(6)**

In deciding whether a complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6), a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**II.     Falso's Title VII Claim**

Initially, Falso has failed to plead the exhaustion of his administrative remedies. It is well-settled that the timely filing of an administrative charge is a mandatory prerequisite to bringing suit in federal court under Title VII. *See* 42 U.S.C. §2000e-5; *McDonnell Douglas Corp.*, 411 U.S. 792 at 798-99). Where the underlying administrative charges of discrimination are untimely, a complainant is foreclosed from thereafter bringing those claims in federal court. *See McCahill v. Schottenstein Corp.*, 2005 U.S. Dist. LEXIS 5782 at *3-*4 (W.D.N.Y. 2005), *citing Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sense of sympathy for particular litigants").

"Although a court should generally refrain from considering matters outside the pleadings when reviewing a 12(b)(6) motion to dismiss, the mandate to liberally construe *pro se* pleadings makes it appropriate to consider the facts set forth in plaintiff's opposition papers." *Acheampong v. United States*, 2000 U.S. Dist. LEXIS 12775 at *11 (S.D.N.Y. 2000). Here, while no exhaustion of remedies was alleged in his complaint, Falso now claims that he did file an administrative charge with the New York State Division of Human Rights and/or Equal Employment Opportunity Commission, which was dismissed as untimely. Falso contends that he was prevented from filing a timely administrative charge due to the fact that he did not surmise that his employment had been terminated by the District until March 2008, some nine months (and potentially just past the 300-day statute of limitations) after he stopped receiving calls offering substitute teaching assignments from the District's automated notification system.

To the extent that Falso is requesting equitable tolling of the 300-day time limit, I find that he has failed to show that he "acted with reasonable diligence during the time period [he] seeks to have tolled," or that "the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003). *See also Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 112 (2d Cir. 2008). Indeed, Falso makes no allegation that the District obfuscated the fact of his termination, or misled him in any way concerning whether his position as a substitute teacher was to continue after the end of the 2006-2007 school year. Falso concedes that he was counseled for performance issues during the 2006-2007 school year and was never called to teach for the District again after that time, yet waited for several months before confirming the termination of his employment. Furthermore, even *after* finding out that his employment had been terminated, Falso admits that he waited several more months before pursuing an administrative charge. Based upon such delays, I find that Falso failed to act with "reasonable diligence" during the time period that he seeks to have tolled. *Zerilli-Edelglass*, 333 F.3d 74 at 80-81. *See generally Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985) (300-day period may be equitably tolled where plaintiff can demonstrate that his employer actively misled him, or prevented him in some "extraordinary way" from exercising his rights, such as where it would have been impossible for a reasonably prudent person to know that he had been discriminatorily discharged); *Duck v. New York City Dep't of Transp.*, 1994 U.S. Dist. LEXIS 11226 at *11 (S.D.N.Y. 1994) (same). Falso therefore failed to satisfy his administrative remedies by filing a timely administrative charge of discrimination, and his complaint must be dismissed.

### III. Cautionary Instruction To Plaintiff

In extraordinary circumstances, "a litigant may be enjoined from commencing further [*pro se*] actions in federal court, either entirely or without prior permission from the court, when the litigant demonstrates a pattern of bringing frivolous or repetitive proceedings." *Corbett v. Bank of Cal. Int'l*, 1993 U.S. Dist. LEXIS 8855 at *13 (S.D.N.Y. 1993). *See also* Fed. R. Civ. Proc. 11(c); *Safir v. United States Lines, Inc.*, 792 F.2d 19, 25 (2d Cir. 1986); *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A litigant's serial pursuit of frivolous litigation can also result in monetary sanctions, and/or awards of attorneys' fees to those parties that have been forced to defend against patently meritless lawsuits. *Corbett*, 1993 U.S. Dist. LEXIS 8855 at *14.

Since January 2004, Falso has brought eight *pro se* actions in this Court containing markedly similar, legally deficient allegations of discrimination against various former employers. All but the most recent of those cases have now been dismissed. Should Falso's pattern of pursuing frivolous claims continue with the filing of additional meritless actions, the Court cautions plaintiff that it may order injunctive relief and/or monetary sanctions, as it deems appropriate.

### **CONCLUSION**

For the foregoing reasons, I find that Falso has failed to exhaust his administrative remedies. Accordingly, the District's motion to dismiss Falso's claims (Dkt. #8) is granted, and

the complaint is dismissed, with prejudice. Plaintiff is cautioned that the filing of additional frivolous actions may move the Court to issue sanctions pursuant to Fed. R. Civ. Proc. 11.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      January 26, 2010.